AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | United States Courts<br>Southern District of Texas<br>FILED |
| v. | ) | *March 17, 2025* |
| Carlos Eduardo Rivera aka Carlos Eduardo<br>Martinez-Rivera aka Carlos E. Rivera | ) | Nathan Ochsner, Clerk of Court |
| | ) | Case No.   **4:25-mj-0154** |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___April 07, 2024___ in the county of ___Harris___ in the
___Southern___ District of ___Texas___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | Illegal re-entry into the United States after having previously been deported to El Salvador, subsequent to having been convicted of a crime defined as a felony, without first applying for and obtaining permission from the Attorney General of the United States, or the Secretary for the Department of Homeland Security, for admission to the United States following deportation from the United States, in violation of Title 8, United States Code, Section(s) 1326(a) and (b). |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

❏ Continued on the attached sheet.

_____
*Complainant's signature*

Terry Matthias, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date:   ___03/17/2025___

_____
*Judge's signature*

City and state:   ___Houston, Texas___

Richard W. Bennett, United States Magistrate Judge
*Printed name and title*

**4:25-mj-0154**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Terry Matthias, being duly sworn by telephone, hereby depose and say:

(1)    I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 24, 2007.  Prior to this assignment, I have held the following positions: Customs and Border Protection Officer and Immigration Enforcement Agent.  My law enforcement career began July 2006, as a Customs and Border Protection Officer.  I have over 18 years of immigration law enforcement experience.

(2)    On March 15, 2025, at approximately 2303 hrs., Carlos Eduardo Rivera, was detained by ICE.  The defendant also goes by the alias of Carlos Eduardo Martinez-Rivera and Carlos E. Rivera.

(3)    The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases.  According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(4)    Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)    <u>Element One</u>:  The Defendant is a citizen and national of El Salvador and not a native, citizen or national of the United States.

(6)    <u>Element Two</u>:  The Defendant has previously been deported or removed from the United States on the following occasion(s):

        a.  July 15, 2022.
        b.  September 11, 2020.
        c.  February 10, 2014.
        d.  August 11, 2011.

(7)    <u>Element Three</u>:  After deportation, the Defendant was subsequently found in the United States on April 07, 2024, in Harris County, Texas, which is within the Houston Division Southern District of Texas.  Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this

paragraph.  On March 17, 2025, LESC advised me that they have not received an IAQ after the 2022 removal.

(8)    <u>Element Four</u>:  The Defendant did not have permission to reenter the United States. On March 17, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)    <u>Prior Criminal History / Gang Affiliation</u>.  The Defendant has the following prior criminal history and/or gang affiliation:

    a.  On March 14, 2025, the Defendant, using the name of Carlos E. Rivera was convicted in the County Criminal Court at Law NO. 3, Harris County, TX for the offense of ASSAULT-FAMILY MEMBER and was sentenced to 120 days confinement.

    b.  On June 15, 2022, the Defendant, using the name of Carlos Eduardo Martinez-Rivera was convicted in the United States District Court for the Western District of Texas, Del Rio Division for the offense of ILLEGAL RE-ENTRY INTO THE UNITED STATES and was sentenced to Time Served. Case No. 2:21-CR-01940(1)-MVL.

    c.  On August 10, 2020, the Defendant, using the name of Carlos E. Rivera was convicted in the 232nd District Court, Harris County, TX for the offense of TERRORISTIC THREAT and was sentenced to 364 days confinement.

    d.  On February 19, 2020, the Defendant, using the name of Carlos E. Rivera was convicted in the County Criminal Court at Law NO. 3, Harris County, TX for the offense of DRIVING WHILE INTOXICATED and was sentenced to 60 days confinement.

    e.  On March 28, 2011, the Defendant, using the name of Carlos Eduardo Rivera was convicted in the County Criminal Court at Law NO. 8, Harris County, TX for the offense of UNLAW CARRY WPN and was sentenced to 200 days confinement.

f.   On March 28, 2011, the Defendant, using the name of Carlos Eduardo Rivera was convicted in the County Criminal Court at Law NO. 8, Harris County, TX for the offense of POSS MARIJ 0-2 OZ and was sentenced to 30 days confinement.

g.   On March 28, 2011, the Defendant, using the name of Carlos Eduardo Rivera was convicted in the County Criminal Court at Law NO. 8, Harris County, TX for the offense of BURGLARY OF VEHICLE and was sentenced to 200 days confinement.

h.   On March 30, 2010, the Defendant, using the name of Carlos Eduardo Rivera was convicted in the County Criminal Court at Law NO. 2, Harris County, TX for the offense of POSS MARIJ 0-2 OZ and was sentenced to 3 days confinement.

_____
Terry Matthias, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 17th day of March 2025, and I find probable cause.

_____
Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas